IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ARIK RUDICH,

                  Plaintiff,

      v.

METRO GOLDWYN MAYER
STUDIO, INC., SONY/ATV
MUSIC PUBLISHING LLC, and
CINRAM, INC.,

                 Defendants.

ORDER

08-cv-389-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This civil suit for copyright infringement is before the court on defendant Metro Goldwyn Mayer Studio, Inc.'s motion to dismiss or stay the case pursuant to the first-filed rule or transfer venue to the Central District of California under 28 U.S.C. § 1404(a). Metro Goldwyn Mayer contends that this action should be stayed or dismissed because it is duplicative of a lawsuit that Metro Goldwyn Mayer filed first in the Central District of California. In the alternative, it asks the court to transfer the case, pointing out that the plaintiff has no connection to the Western District of Wisconsin and has chosen this district solely for the speed of its docket and expertise in intellectual property law.

Defendants Sony/ATV Music Publishing, LLC and Cinram, Inc. have not weighed in on defendant Metro Goldwyn Mayer's motion because they were served shortly before the

motion came under advisement.  They should be given an opportunity to be heard, particularly because a decision on the motion could result in transfer to the Central District of California.  Moreover, in deciding the motion to transfer, I must consider "the convenience of the parties and witnesses."  28 U.S.C. § 1404(a).  Without hearing from defendants Sony/ATV and Cinram regarding their position on whether the transfer is convenient for them and their potential witnesses, I cannot properly assess the factors relevant to transfer.  Cf. 15 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3849, at 164 (2007) ("[W]hen transfer would be more convenient for one defendant, but less convenient for another defendant, courts have sustained the plaintiff's initial choice of forum.").

Therefore, defendant Metro Goldwyn Mayer's motion to dismiss, stay or transfer the case is STAYED and defendants Sony/ATV and Cinram will have until October 15, 2008 in which to file a brief in opposition to defendant Metro Goldwyn Mayer's motion to transfer or advise the court that they do not oppose the motion.  If defendants Sony/ATV and Cinram oppose the motion, defendant Metro Goldwyn Mayer and plaintiff will have five

2

days from the date of service of the opposition brief in which to file their briefs in reply.

Entered this 2nd day of October, 2008.

BY THE COURT:


/s/

_____

BARBARA B. CRABB
District Judge